# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 15, 2011

Lyle W. Cayce
Clerk

No. 11-10023
Summary Calendar

PAMELA AKUMA, EXEMPT FROM ECF FILING PER ORDER 39,

Plaintiff-Appellant

v.

CEDAR HILL INDEPENDENT SCHOOL DISTRICT, also known as Cedar Hill
ISD; EDUCATION CAREER ALTERNATIVES PROGRAM,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-187

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Pamela Akuma appeals the dismissal of her complaint against Cedar Hill Independent School District (CHISD) and the Education Career Alternatives Program (ECAP). In her amended complaint and more definite statement, Akuma sought damages under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Texas Whistleblower Act (TWA) arising from the treatment she received as a teaching

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intern, the nonrenewal of her contract with CHISD, and ECAP's decision not to issue her a teaching certificate. The district court dismissed most of the claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. It dismissed Akuma's TWA claim against CHISD for lack of subject matter jurisdiction. The court denied leave for Akuma to proceed in forma pauperis (IFP) on appeal and certified that her appeal was not taken in good faith.

Akuma moves this court for leave to proceed IFP. An IFP "motion must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In deciding the motion, we limit our inquiry "to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted).

Akuma's brief includes vague allegations of wrongs suffered and cites to cases from various courts that do not relate to her allegations. Akuma does not address the district court's reasons for dismissing her claims: She does not explain how she exhausted the relevant grievance procedure before filing her TWA claim against CHISD or refute the district court's determination that the claim must be dismissed. She does not identify a provision of her employment contract that CHISD breached or address the district court's determination that she must do so to state a claim for breach of contract. She fails to allege a protected property or liberty interest that CHISD violated by not renewing her contract; nor does she identify a school district policy that caused the alleged violation. She does not assert that ECAP is a state actor or identify any protected property or liberty interest that it violated. She also fails to cite to the district court record.

The appellant's brief must contain her "contentions and the reasons for them, with citations to the authorities and parts of the record on which [she] relies." FED. R. APP. P. 28(a)(9)(A). Although we liberally construe pro se briefs, arguments must be briefed sufficiently to be preserved. *Yohey v. Collins*,

985 F.2d 222, 224-25 (5th Cir. 1993).  Akuma's failure to address the district court's grounds for dismissing her claims, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [her] suit . . ., is the same as if [s]he had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit.  The IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS.  *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.